UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - x
                              :

UNITED STATES OF AMERICA
                              :

    - v. -                        07 Cr. 1190 (LAK)
                              :

ROBERTO ROSARIO,
  a/k/a "Roberto Ramirez,"              :
  a/k/a "Daniel Rosario,"
  a/k/a "Robert Robles,"                :
  a/k/a "Luis R. Rosario,"
                              :
        Defendant.
                              :
- - - - - - - - - - - - - - - - - - - - - - - x

## GOVERNMENT'S SENTENCING MEMORANDUM

                        MICHAEL J. GARCIA
                        United States Attorney for the
                        Southern District of New York,
                        Attorney for the United States of America

AMY LESTER
Assistant United States Attorney

    - Of Counsel -



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

June 25, 2008

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1310
New York, New York  10007

      Re:    **United States v. Roberto Rosario,**
             **07 Cr. 1190 (LAK)**

Dear Judge Kaplan:

      The Government respectfully submits this letter in advance of the defendant's sentencing in this matter, which is currently scheduled for July 2, 2008, at 10:30 a.m.  The United States Probation Department ("Probation Department"), in its Presentence Investigation Report ("PSR"), states that the applicable United States Sentencing Guidelines ("Guidelines") range is 57 to 71 months' imprisonment.  The PSR recommends that the Court sentence the defendant to 70 months' imprisonment.  For the reasons that follow, the Government respectfully submits that a sentence within the applicable Guidelines range would be sufficient, but not greater than necessary, to meet the legitimate purposes of sentencing.

**Background**

A.      **The Offense Conduct**

      On November 5, 2007, a Police Officer ("Officer-1") with the New York City Police Department ("NYPD") was conducting surveillance from the rooftop of a building located near East 167th Street in the Bronx.  PSR ¶ 4.  Officer-1 observed the defendant walking along Sheridan Avenue towards East 167th Street with what appeared to be a gun in his hand, which he then transferred to his pants.  *Id.*  Officer-1 radioed a description of the defendant to two other NYPD officers who were standing by in an unmarked police vehicle on East 167th Street.  *Id.*

      Shortly after those officers heard the radio transmission, they saw an individual matching that description, the defendant, walking on East 167th Street.  *Id.* ¶ 5.  One of the officers got out of the vehicle, approached the defendant, and told him to stop.  *Id.*

      The defendant stopped and turned around to face the officer, at which point the

Hon. Lewis A. Kaplan
June 25, 2008
Page 2 of 4

officer was able to see that the defendant was carrying a gun in the front pocket of his pants. PSR ¶ 6. The officer recovered a Davis Industries .32 caliber automatic handgun from the defendant's pocket and placed the defendant under arrest. *Id.* ¶¶ 6, 8.

After his arrest and waiving his *Miranda* rights, the defendant made an oral statement that he had found the gun two days earlier. *Id.* ¶ 7.

On December 19, 1990, the defendant was convicted of attempted sale of a controlled substance in the third degree, a Class C felony, in New York Supreme Court, Bronx County. *Id.* ¶ 9.

**B.     The Indictment and Guilty Plea**

On December 17, 2007, the defendant was charged in a one-count Indictment based on the above-referenced conduct. The Indictment charged the defendant with possessing a firearm after having been convicted of a felony, in violation of Title 18, United States Code, Section 922(g)(1).

On February 25, 2008, the defendant pleaded guilty before Magistrate Judge Theodore H. Katz. This Court accepted the defendant's plea by an Order entered on March 24, 2008. In his plea allocution, the defendant stated, in sum and substance, that he possessed a firearm in the Bronx after having been convicted of a felony. Feb. 25, 2008 Tr. at 9.

**C.     The Probation Department's Recommended Sentence**

In the PSR, the Probation Department calculated a Guidelines range of 57 to 71 months, which reflects a total offense level of 21 and a Criminal History Category of IV. *See* PSR ¶¶ 22, 48, 76. This range matched the Government's calculation in the *Pimentel* letter submitted to defense counsel.

The Probation Department's calculation relies on a base offense level of 24 pursuant to U.S.S.G. § 2K2.1(a)(2), reflecting the fact that the defendant committed the instant offense subsequent to sustaining two felony convictions involving controlled substances. *See* PSR ¶ 13. The Probation Department also granted the defendant a three-level decrease for acceptance of responsibility. *See* PSR ¶ 19.

The Probation Department recommended a term of imprisonment of 70 months, followed by a 3-year term of supervised release. *See* PSR at 19. The Probation Department further recommended a $100 special assessment and no fine. *See* PSR at 19.

Hon. Lewis A. Kaplan
June 25, 2008
Page 3 of 4

## Discussion

The Government believes that, in this case, a sentence falling within the applicable Guidelines range of 57 to 71 months' imprisonment would be sufficient, but not greater than necessary, to comply with the specified purposes of sentencing set forth in 18 U.S.C. § 3553(a).

Although the Guidelines are no longer mandatory, the United States Court of Appeals for the Second Circuit has instructed district judges to consider them "faithfully" when sentencing. *United States* v. *Crosby*, 397 F.3d 103, 114 (2d Cir. 2005). "*Booker* did not signal a return to wholly discretionary sentencing." *United States* v. *Rattoballi*, 452 F.3d 127, 132 (2d Cir. 2006); *see also Crosby*, 397 F.3d at 113 ("[I]t is important to bear in mind that *Booker/Fanfan* and section 3553(a) do more than render the Guidelines a body of casual advice, to be consulted or overlooked at the whim of a sentencing judge."). Indeed, the Second Circuit has held that the Guidelines range for a particular defendant is "a benchmark or a point of reference or departure" when considering a particular sentence to impose. *United States* v. *Rubenstein*, 403 F.3d 93, 98-99 (2d Cir. 2005). Thus, as the Supreme Court recently stated: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall* v. *United States*, 128 S. Ct. 586, 596 (2007).

As the Second Circuit has also explained, a "sentencing judge's decision to place special weight on the recommended guideline range will often be appropriate, because the Sentencing Guidelines reflect the considered judgement of the Sentencing Commission, are the only integration of multiple [§ 3553(a)] factors, and, with important exceptions, . . . were based upon the actual sentences of many judges." *Rattoballi*, 452 F.3d at 133. The Supreme Court made a similar observation in *Rita* v. *United States*, 127 S. Ct. 2456 (2007), where it noted that the Guidelines have been written, in accordance with applicable statutory directives, to achieve "the basic aims of sentencing" set forth in 18 U.S.C. § 3553(a). 127 S. Ct. at 2463-64 ("The result is a set of Guidelines that seek to embody the § 3553(a) considerations, both in principle and in practice."). *See also Gall*, 128 S. Ct. at 594 ("[E]ven though the Guidelines are advisory rather than mandatory, they are, as we pointed out in *Rita*, the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions.").

In the present case, there is no reason to deviate from the advisory Guidelines range. The Guidelines range that applies in this case reflects the considered judgment of the Sentencing Commission, after examining "tens of thousands of sentences and work[ing] with the help of many others in the law enforcement community over a long period of time" in an effort to fulfill the same objectives set out in Section 3553(a). *Rita*, 127 S. Ct. at 2464. The Guidelines "seek to embody the § 3553(a) considerations, both in principle and in practice," and accordingly, they "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Id.* at 2463.

Hon. Lewis A. Kaplan
June 25, 2008
Page 4 of 4

### Conclusion

       For the foregoing reasons, the Government respectfully submits that the defendant should be sentenced to a term of imprisonment within the applicable Guidelines range of 57 to 71 months.

       Respectfully submitted,

       MICHAEL J. GARCIA
       United States Attorney

By:    /s/
       Amy Lester
       Assistant United States Attorney
       (212) 637-2416

cc:    Sabrina P. Shroff, Esq.